UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CHARLES SILAS,

        Plaintiff,

  vs.

CHAPPELL,

        Defendants.

No. C 13-0630 PJH (PR)

**ORDER OF DISMISSAL**

Plaintiff, a state prisoner currently incarcerated at San Quentin State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.

**DISCUSSION**

**A. Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

In *Silas v. Chappell*, No. C 12-3019 PJH, plaintiff brought an action regarding the treatment of his Hepatitis C, by simply stating that his condition was not being properly treated.  The complaint in that case was dismissed and it was described to plaintiff how he must provide more information and identify specific defendants in order to state a claim.  Plaintiff filed an amended complaint that only provided a little more information.  It also became apparent that plaintiff was describing events that occurred in 2002-2005 at High Desert State Prison in the Eastern District of California.  Court records also indicated that plaintiff had recently filed the exact same case and exhibits in the Eastern District of California.  *See Silas v. Chappell*, 13-cv-0010 DAD P.  This court dismissed and closed *Silas v. Chappell*, No. C 12-3019 PJH, on February 4, 2013.

Plaintiff filed the instant case on February 13, 2013.  Plaintiff again describes events that occurred at High Desert State Prison in the Eastern District of California and simply states that when he was transferred to San Quentin State Prison he did not receive proper

help for his medical condition.  Plaintiff again fails to provided any additional information.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *See McGuckin*, 974 F.2d at 1059.

Not only is this complaint duplicative of the last action, plaintiff has filed it only days after the last complaint was dismissed and has again failed to provide any information regarding his claims.  It is apparent that this case is frivolous and malicious and will be dismissed with prejudice.

Therefore, plaintiff's motion to proceed in forma pauperis (Docket No. 3) is **VACATED** and this action is **DISMISSED** with prejudice as frivolous and malicious.

**IT IS SO ORDERED.**

Dated:  February 21, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.13\Silas0630.dsm.wpd